[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 19, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15061
Non-Argument Calendar

_____

D. C. Docket No. 04-00281-CR-1-MHS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE ROY ALLEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 19, 2006)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

A Northern District of Georgia jury convicted appellant of being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g), and the district court, acting pursuant to 18 U.S.C. § 924(e) (the "Armed Career Criminal Act"), sentenced him to prison for the mandatory minimum prison term prescribed by that statute, 180 months. He now appeals his conviction and sentence, raising the following claims of error:

1. Section 922(g) constitutes an unconstitutional exercise of Congressional authority under the Commerce Clause; therefore, the district court should have dismissed the indictment;

2. The district court admitted the hearsay testimony of two witnesses in derogation of the hearsay rule and Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2005); and

3. The district court erred in refusing to strike from the indictment the reference to § 924(e), and in sentencing appellant under that statute because a jury (in the instant case) had not found the crimes (that made up his criminal history) beyond a reasonable doubt.

We find no merit in these claims and accordingly affirm appellant's conviction. Appellant's first ground for reversal is foreclosed by our decision in United States v. McAllister, 77 F.3d 387 (11th Cir. 1996).

Appellant's second ground for reversal concerns the testimony of Lt. Mann

of the Atlanta Police Department and the expert opinion testimony of Special Agent Torp of the Bureau of Alcohol, Tobacco, Firearms, and Explosives. On direct-examination, Lt. Mann testified that during his confrontation with appellant, a pistol, which appellant pulled out of his pocket, flew out of appellant's hand onto the sidewalk. On cross-examination, appellant's counsel had Mann read from the narrative section of the report of the incident written by Officer Magrum (who arrived at the scene following appellant's apprehension) after interviewing Mann and others. Mann read the following: "The arrestee attempted to throw the gun over toward the witnesses." Mann asserted that he did not know where Magrum got that information, so he could not testify to its accuracy. On re-direct, the prosecutor asked Mann to read the last sentence of the narrative section of the report, which showed that Magrum's conclusion that appellant had thrown the gun was based on statements from witnesses, none of whom was Lt. Mann. Appellant objected, arguing that the last sentence of the report constituted hearsay and thus was barred by Crawford. The court overruled the objection, and the challenged sentence was read to the jury. The sentence was not hearsay; it was not being used to prove that appellant threw the pistol but, instead, to show that Magrum's report was based on Magrum's interview of several witnesses, not Lt. Mann.

Agent Torp testified as an expert witness, basing his opinion on his

education, training, knowledge, and personal experience. Appellant objected on hearsay and Crawford grounds to Torp's opinion as to where the pistol was manufactured because the opinion was based in part on the statement of another ATF special agent – who had consulted the records the manufacturer of the pistol had placed on file with the ATF. The court overruled appellant's objection. We find no error. Experts may rely on hearsay if it is of the type of evidence reasonably relied on by experts in the particular field. In this instance, it was reasonable for Torp to rely on what the other agent told him. But that is not all that Torp relied on to say that the pistol had traveled in interstate commerce. He based his opinion as well on the markings on the gun, his personal knowledge concerning the manufacture and distribution of guns, and his review of industry-wide publications, including The Blue Book of Gun Values.

Appellant's third claim is based on the notion that the Sixth Amendment required that his prior convictions – which the court used to classify appellant as an armed career criminal – be alleged in the indictment and established by the jury beyond a reasonable doubt. His position has been rejected by a host of decisions from the Supreme Court and the courts of appeals. Moreover, he concedes that a prior panel has ruled explicitly against his position. See United States v. Gipson, 434 F.3d 1234 (11th Cir. 2006). In sum, he recognizes, as he must, that he was

4

sentenced under an advisory guidelines system to a mandatory minimum sentence that was below the guidelines sentence range and that the Sixth Amendment did not bar the district court from using his prior convictions to treat him as a armed career criminal.

AFFIRMED.